### DETERMINATION AS TO LIABILITY ON A JOINT NOTE.

Circuit Court of Lucas County.

MONROE P. HOLMES v. FRANK CAIRL.

Decided, February 10, 1912.

*Promissory Notes—Error in Giving Judgment Against One Maker Without a Finding as to the Liability of the Other.*

Where the liability on a promissory note is joint only, it is error to adjudicate as to the liability of one maker, without passing judgment as to the liability of the other joint obligor.

*F. J. Flagg,* for plaintiff in error.
*George C. Bryce,* contra.

RICHARDS, J.; WILDMAN, J., and KINKADE, J.; concur.

Error to the Court of Common Pleas of Lucas County.

In the court of common pleas Frank Cairl brought an action against Monroe P. Holmes and Dale G. Holmes to recover upon a joint note executed by them to him, dated July 5, 1909. The defendants answered separately, setting up a claimed breach of warranty and false representations in the sale of a horse, and

claimed the invalidity of the note and asking a judgment against Cairl for damages.

Cairl filed a pleading denominated a reply and answer to the amended answer and cross-petition of Monroe P. Holmes. In that reply he sets forth the allegations contained in a petition filed against him by Monroe P. Holmes, averring facts tending to show the invalidity of this same note and asking to have its transfer enjoined and the note declared a nullity, and praying for damages in that action for $255 and for an injunction. He sets up further in the reply that the prior action was tried to a jury in the Common Pleas Court of Lucas County and resulted in a verdict and judgment in favor of said Frank Cairl. To this defense contained in the reply, Monroe P. Holmes filed a demurrer. The court of common pleas overruled the demurrer and the defendant, Monroe P. Holmes, not desiring to plead further, the court rendered judgment against him for the amount claimed upon the note, leaving the action to proceed further in the common pleas court against the remaining defendant, Dale G. Holmes. To this judgment Monroe P. Holmes prosecutes error in this court, insisting that the judgment in the prior case as set forth in the reply is not a bar to this action. He cites and relies upon two cases, *Cramer* v. *Moore*, 36 O. S., 347, and *Porter* v. *Wagner*, 36 O. S., 471. A careful examination of those cases indicates that in each case the decree which was held not to be a bar was one in equity, dismissing the petition which, for manifest reasons, ought not to be a bar to a subsequent action brought at law.

In the case now under consideration, it appears that the claims set up were litigated and adjudicated by a trial before a jury in the original case set forth in the reply, and we think the court of common pleas did not err in holding that the prior action was a bar, and in overruling the demurrer to the reply. The common pleas court, however, went further and entered a final judgment against the defendant, Monroe P. Holmes, for an amount claimed to be due upon this joint promissory note, without passing upon the liability of the other maker of said note. In so doing, we think the common pleas court erred to the prejudice of Monroe P. Holmes. The liability upon the note

being a joint one only, and not joint and several, the court had no power or authority to adjudicate as to the liability of one signer without at the same time determining as to the liability of the other.   We call attention to the following cases which seem to be conclusive upon this matter: *Carr* v. *Beckett,* 1 C. C., 72; *Aucker* v. *Adams,* 23 O. S., 543; *Hempy* v. *Ransom,* 33 O. S., 312, 317; *McCoy* v. *Jones,* 61 O. S., 119; *Schuch* v. *Groh,* 10 C. D., 815; 4 Abb., 248.

For the single error in entering final judgment against Monroe P. Holmes before the final determination of the case, the judgment will be reversed and the case remanded for further proceedings.